1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD BLOUNT,

11          Plaintiff,                    No. 12-cv-2941 LKK CKD P

12       vs.

13   SUPERIOR COURT OF
     SACRAMENTO COUNTY, et al.,
14

15          Defendants.              ORDER AND

16   _____/       FINDINGS AND RECOMMENDATIONS

17          Plaintiff is a Sacramento County Jail prisoner proceeding pro se.  Plaintiff seeks

18   relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302

20   pursuant to 28 U.S.C. § 636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        In order to avoid dismissal for failure to state a claim a complaint must contain

18  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

19  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

20  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

22  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

23  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

25  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

26  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

2

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2  Rhodes, 416 U.S. 232, 236 (1974).

3          In his complaint, plaintiff seeks $200,000 in damages against the Superior Court

4  of Sacramento County and Judge Maryanne Gilliard for Judge Gilliard's alleged failure to award

5  plaintiff proper credit for time spent in custody pre-sentencing against an imposed criminal

6  sentence.  However, Judge Gilliard is entitled to absolute immunity from suits for damages

7  brought under § 1983 for actions taken while acting within the course and scope of her judicial

8  duties, Pierson v. Ray, 386 U.S. 547 (1967), and the Superior Court of Sacramento County, as an

9  entity, had no involvement in her sentencing decision.[1]  Furthermore, plaintiff is precluded from

10  obtaining damages by Heck v. Humphrey, 512 U.S. 477 (1994).  There, the Supreme Court found

11  that a § 1983 action for damages that would necessarily call into question the lawfulness of a

12  plaintiff's sentence is not cognizable unless the plaintiff shows that the sentence itself was

13  reversed (or at least modified) via an appropriate judicial action such as a petition for writ of

14  habeas corpus under 28 U.S.C. § 2254.  Id. at 486-87.  Plaintiff has not made that showing.

15          Accordingly, plaintiff's complaint fails to state a claim upon which relief can be

16  granted.  Because granting plaintiff leave to amend so that he might state a claim upon which

17  relief could be granted appears futile, the court will recommend that this action be dismissed.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is

20  granted.

21          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22  All fees shall be collected and paid in accordance with this court's order to the Sacramento

23  County Sheriff filed concurrently herewith.

24  /////

25

26      [1] There is no respondeat superior liability under § 1983.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

1    IT IS HEREBY RECOMMENDED that this action be dismissed for failure to

2  state a claim upon which relief can be granted.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5  days after being served with these findings and recommendations, plaintiff may file written

6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

9  F.2d 1153 (9th Cir. 1991).

10  Dated: December 19, 2012

11

12                                              CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

13

14

15  1
    blou2941.dis

16

17

18

19

20

21

22

23

24

25

26

4